J-S36039-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SALIM FORD, | : | |
| | : | |
| Appellant | : | No. 614 EDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0500101-2005

BEFORE:    LAZARUS, J., KING, J. and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 25, 2022**

Appellant, Salim Ford, appeals from the order entered March 11, 2021, dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm the order of the PCRA court.

The relevant factual and procedural background was aptly summarized by a prior panel of this Court as follows:

> On July 31, 2004, John Thompkins was shot multiple times and killed while inside his parked vehicle.  Physical evidence at the scene indicated that the shooter was standing outside of the passenger-side window of the vehicle and used a .38 or .357 caliber gun.  Police were immediately summoned to the scene by a neighbor who heard the shots.
>
> Initially, the police had no suspects, but they eventually obtained detailed, written statements from two witnesses: Ronald Clay (a.k.a. "Bow") and Charles Young (a.k.a. "Man").  The statements independently made by these witnesses described witnessing a chase of the victim by Appellant who was carrying a handgun, identified by Clay as a .38 or .357 caliber

*Retired Senior Judge assigned to the Superior Court.

weapon, Clay lost sight of the two men; Young saw that Appellant had gone into a vacant lot to lie in wait for the victim's return. Both witnesses saw the victim return to the street approximately four to ten minutes later and get into his parked car. Both witnesses then saw Appellant emerge from the lot, approach the victim's vehicle, and shoot four or five times at the victim through the passenger-side window. Both witnesses then saw Appellant run back into the vacant lot. The witnesses also independently identified to the police photographs of Appellant.

Three days after giving his statement, Clay went to the police, appeared to be shaken, and gave another written statement in which he reported that three individuals had confronted him about talking to the police regarding the shooting. We note that Clay had given the police his initial statement after being arrested for his role in an unrelated domestic dispute, and that Young had given his statement to the police while in custody for crimes unrelated to the shooting.

At trial, the statements made by Clay and Young were read into evidence. Clay and Young also testified. Both recanted the statements they had previously given to police, each testifying that he had actually not been present at the scene of the murder and that his respective earlier statement reflected only his desire to give the police the information the police were seeking, after having been "coached". No other witnesses identified Appellant as the murderer, and the murder weapon had not been recovered. However, the jury found Clay's and Young's written statements more credible than their in-court testimony and convicted Appellant of all charges.

*Commonwealth v. Ford*, 927 A.2d 651 (Pa. Super. 2007) (unpublished memorandum at 1-3).

Appellant was sentenced on May 31, 2006, to life imprisonment on the first-degree murder charge and an aggregate concurrent sentence of two and a half to five years of incarceration on the weapons offenses. PCRA Court Opinion, 4/6/2021, at 2. This Court affirmed the judgment of sentence on March 23, 2007, and Appellant's petition for allowance of appeal

was denied by our Supreme Court on August 2, 2007. **See Commonwealth v. Ford**, 927 A.2d 651 (Pa. Super. 2006) (unpublished memorandum); **Commonwealth v. Ford**, 929 A.2d 644 (Pa. 2007).

Appellant *pro se* filed his first PCRA petition on February 18, 2008, raising claims of ineffective assistance of counsel. PCRA Opinion, 4/6/2021, at 2. Counsel was appointed to represent Appellant and filed an amended PCRA petition, which was dismissed on May 1, 2009. **Id.** This Court affirmed the PCRA court's dismissal, and our Supreme Court denied Appellant's petition for allowance of appeal on October 19, 2011. **Commonwealth v. Ford**, 23 A.3d 452 (Pa. Super. 2011) (unpublished memorandum); **Commonwealth v. Ford**, 30 A.3d 1192 (Pa. 2011).

Appellant *pro se* filed his second PCRA petition on August 23, 2012, which was withdrawn on March 13, 2015. PCRA Court Opinion, 4/6/2021, at 3. Prior to withdrawing his second PCRA petition, Appellant *pro se* filed a third PCRA petition on March 2, 2015. **Id.** Todd Moser, Esquire entered his appearance on behalf of Appellant on April 5, 2017 and filed an amended PCRA petition on August 14, 2017. **Id.** The amended PCRA petition alleged Appellant was entitled to relief based upon newly discovered evidence consisting of affidavits signed by Earl Woods and Michael Garmon wherein both averred that they witnessed the shooting and saw Wydell Ward, nicknamed "Woo", shoot and kill the decedent. PCRA Petition, 8/14/2017, at 5.

The PCRA court conducted an evidentiary hearing on May 14, 2018. PCRA Court Opinion, 4/6/2021, at 3. Appellant and Garmon were the only witnesses to testify at the hearing. *Id.* at 3-4. Following the hearing, the PCRA court denied Appellant relief on his third PCRA petition. PCRA Court Opinion, 8/2/2018. This Court affirmed the PCRA court's denial and Appellant did not file a petition for allowance of appeal with our Supreme Court. *See Commonwealth v. Ford*, 221 A.3d 1269 (Pa. Super. 2019) (unpublished memorandum).

On December 27, 2019, Appellant filed a fourth counseled PCRA petition, alleging he was entitled to relief based upon another claim of newly discovered evidence. PCRA Petition, 12/27/2019, at 5. Specifically, Appellant alleged that he learned "through sheer happenstance" that an individual by the name of Utilio Frazier was at Wydell Ward's house on the day of the shooting and Ward told Frazier that he shot the decedent. *Id.* at 6.[1] Frazier provided a written affidavit outlining what transpired on the day of the shooting. *Id.* at 6-7; Exh. A.

On February 12, 2020, PCRA counsel filed an amended PCRA petition, again raising the issue involving Frazier and raising a second newly-discovered evidence claim involving Detective Gregory Rodden of the

---

[1] During the hearing on Appellant's third PCRA petition, the PCRA court learned that Ward was dead. PCRA Court Opinion, 4/6/21, at 4.

-4-

J-S36039-21

Philadelphia Police Department.[2] Amended PCRA Petition, 2/12/2020, at 11. Detective Rodden took an initial statement from Ronald Clay identifying Appellant as the perpetrator. *Id.* at 11. Clay recanted this statement at Appellant's trial and testified the statement he allegedly provided was fabricated by Detective Rodden. *Id.*

Appellant alleged that on or about February 24, 2019, he learned "through his own investigation" that Detective Rodden was accused of three instances of improper conduct involving falsifying witness statements, one of which occurred prior to Appellant's trial. *Id.* at 11-12. Appellant claims that the Commonwealth committed a violation pursuant to *Brady v Maryland*,

---

[2] The certified record does not indicate that Appellant sought or the PCRA court granted leave to file an amended PCRA petition. *See* Pa.R.Crim.P. 905(A) (stating the PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice"). Generally, claims raised in unauthorized supplements or amendments to PCRA petitions are subject to waiver. *Commonwealth v. Reid*, 99 A.3d 427, 437 (Pa. 2014). However, the PCRA court can implicitly allow an informal amendment where it does not strike the filing and considers the supplemental claims prior to disposing of the petition. *Commonwealth v. Brown*, 141 A.3d 491, 503 (Pa. Super. 2016); *see also Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003) (holding that "by permitting Appellant to file a supplement, and in considering the supplement, the PCRA court effectively allowed Appellant to amend his petition to include those issues presented in the supplement").

Here, although the PCRA court did not formally grant Appellant leave to amend, the PCRA court did not strike the filing and considered the merits of the claim raised in the amended petition in its Rule 1925(a) opinion. PCRA Court Opinion, 4/6/2021, at 11-13; 16-18. Thus, we conclude that the PCRA court implicitly accepted the amended petition, effectively allowing Appellant to amend his petition, and we consider the merits of this claim.

-5-

373 U.S. 8383 (1963)[3] by failing to turn over information regarding the misconduct of Detective Rodden that occurred prior to trial. *Id.* at 12, n.1. The Commonwealth filed a motion to dismiss on August 17, 2020. Appellant filed a response on October 19, 2020.

On January 26, 2021, the PCRA court sent Appellant a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. PCRA counsel provided a response and on March 11, 2021, the PCRA court dismissed Appellant's fourth PCRA petition. Appellant timely appealed. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on April 6, 2021.[4]

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

> 1.Did the PCRA court abuse its discretion in holding Appellant's newly discovered evidence claim related to Utilio Frazier was untimely?
>
> 2. Did the PCRA court abuse its discretion in holding Appellant's proffered evidence related to Frazier would not compel a different result at trial?
>
> 3. Did the PCRA court abuse its discretion in holding Appellant failed to establish due diligence in locating his proffered *Brady* evidence?

---

[3] Under *Brady*, "suppression by prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

[4] The PCRA court did not issue an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

4. Did the PCRA court abuse its discretion in holding Appellant's **Brady** evidence would not compel a different result at trial?

Appellant's Brief at 2 (suggested answers omitted). Prior to addressing the merits of Appellant's claims, we must determine whether Appellant timely filed his PCRA petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011).

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year-time period only if the petitioner pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**Id.** at (b)(1)(i-iii). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." **Id.** at (b)(2). This time limit is jurisdictional, and a court may not ignore it

and reach the merits of the petition. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450-51 (Pa. Super. 2019); ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018).

We review the denial of a PCRA petition to determine whether the record supports the PCRA findings and whether its decision is free of legal error. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018). "When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** It is the Appellant's burden to convince the Court that the PCRA court's ruling was erroneous or unsupported by the record. ***Commonwealth v. Wrecks***, 931 A.2d 717, 722 (Pa. Super. 2007). An appellant who fails to convince the Court that the PCRA court erred is not entitled to relief. ***Id.***

Appellant acknowledges that his PCRA petition was untimely filed by claiming the petition fell within the newly-discovered fact exception set forth at subsection 9545(b)(1)(ii).[5] PCRA Petition, 12/27/2019, at 5; Amended PCRA Petition, 2/12/2020, at 5-6. Specifically, Appellant contends:

---

[5] This Court affirmed Appellant's judgment of sentence on March 23, 2007, and our Supreme Court denied allowance of appeal on August 2, 2007. ***See Commonwealth v. Ford***, 927 A.2d 651 (Pa. Super. 2007); ***Commonwealth v. Ford***, 929 A.2d 644 (Pa. 2007). Therefore, Appellant's judgment of sentence became final on October 31, 2007, when the 90-day period for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review ... or at the expiration of time for seeking
*(Footnote Continued Next Page)*

-8-

[D]efendant learned through sheer happenstance that Utilio Frazier knows that Wydell Ward shot the decedent. In particular, in March 2019, a fellow inmate, Willie Singletary, contacted [Appellant's] girlfriend and advised her that Frazier said he was playing a video game inside a house located near the scene of the crime. Frazier was with Ward. Ward claimed that the "young boy" was "disrespecting" him and that he was going to confront him. Subsequently, Ward left the residence, Frazier attempted to follow him, lost sight of him, returned to the house, and then heard a gunshot from outside. Frazier looked outside and saw Ward running with a handgun, enter the back of the house, and then Ward told Frazier that he shot the decedent.

Amended PCRA Petition, 2/17/2020, at 7. Appellant alleges that Singletary was only made aware of these facts after Singletary and Frazier discussed Appellant's case while they were in prison. *Id.* Frazier provided a written affidavit outlining the above information. *Id.* at 8, Exh. A. Appellant maintains that since he was not at the scene of the crime, "there is no conceivable way for [Appellant] to have known that Frazier was *inside a nearby house* when he heard the gunshot and Ward's subsequent confession." *Id.* at 8 (emphasis included). Appellant concludes that he could not have discovered this fact prior to or during trial because Appellant did not know who Frazier was or that he existed. *Id.* at 8-9.

Appellant's second claim of newly-discovered evidence involves the alleged misconduct of Detective Rodden. By way of background, Clay provided an unsworn pre-trial statement to Detective Rodden identifying

_____
*(Footnote Continued)*

review."); U.S.Sup.Ct.R. 13(1). The instant petition, filed over 12 years later, is patently untimely.

-9-

Appellant as the individual who shot the decedent. Amended PCRA Petition, 2/12/2020, at 11. During trial, Clay testified that he never told Detective Rodden that Appellant was the shooter and the statement he purportedly gave was fabricated by Detective Rodden. *Id.* at 11.

Appellant subsequently learned on February 24, 2019, through his own investigation, that Detective Rodden was involved in the following three cases wherein he allegedly secured false statements from witnesses.

> *Jon Sellers v. John Tomoney, et al.*, 2:01-cv-03760-JCJ (E.D. Pa. 2001) (alleging that Rodden "selectively recorded Sellers' words in official police documents, deleting his exculpatory statements and mischaracterizing his verbal tone in order to misrepresent Seller's attitude and statements"); and *Darryl Cook v. City of Philadelphia*, No. 2304 C.D. 2015 (Cmmwlth. Ct. 2016 (alleging that Rodden testified falsely that Cook voluntarily gave his statement and did not ask for a lawyer). *See also*, *Commonwealth v. Brown* 52 A.3d 1139, 1150 (Pa. 2012) (witness disavowing statement allegedly given to Detective Rodden).

Amended PCRA Petition, 2/12/2020, at 11-12 (footnote omitted). Appellant contends that the allegations that Detective Rodden falsified statements in *Sellers* constitutes impeachment evidence, deliberately withheld by the Commonwealth, thereby providing the basis of a *Brady* claim entitling him to a new trial. *Id.* at 12, n.1.

The PCRA court found Appellant failed to establish the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(ii) with regard to his newly-discovered fact claim involving Frazier. The PCRA court concluded that Appellant was previously aware of the fact that Ward shot the decedent as

evidenced by the allegations in his third PCRA petition. PCRA court Opinion, 4/6/2021, at 10. The PCRA court further found that Appellant knew Ward, Frazier, and many others in the neighborhood associated with Ward and Frazier and could have discovered Frazier sooner. *Id.* at 11.

The PCRA court determined that Appellant also failed to exercise due diligence with regard to the newly-discovered fact claim involving Detective Rodden. PCRA Court Opinion, 4/6/2021, at 11. The PCRA court found that with reasonable diligence, Appellant could have discovered this fact in the 15 years since he was charged and convicted. *Id.* at 11. Finally, the PCRA court concluded that because Appellant failed to meet the reasonable diligence requirement for a newly-discovered fact claim, Appellant's *Brady* claim also failed. *Id.* at 12-13.

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Fennell*, 180 A.3d 778, 782 (Pa.Super. 2018) (*en banc*) (citation omitted). Due diligence requires that the petitioner "take reasonable steps to protect his own interests." *Commonwealth v. Brensinger*, 218 A.3d 440, 448 (Pa. Super. 2019) (*en banc*) (citation and quotation marks omitted). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Brown*,

-11-

111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). "[T]he focus of the exception found at § 9545(b)(1)(ii) was on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." *Commonwealth v. Maxwell*, 232 A.2d 739, 745 (Pa. Super. 2020) (citation omitted). "[T]he exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. Super. 2007).

Upon review, we conclude that Appellant failed to establish that the fact upon which his claim is based was unknown to him. The fact upon which Appellant bases his claim is that Frazier provided an affidavit stating that Ward, not Appellant, killed the decedent. Appellant has known since 2015 that Ward allegedly shot the decedent. Appellant himself set forth in his third PCRA petition, filed in 2015 and amended by counsel in 2017, that Garmon and Woods allegedly witnessed Ward shoot the decedent. Amended PCRA Petition, 8/14/2017 at 5. We conclude that Appellant is simply attempting to introduce a new source for previously known facts. It is well-settled that a new source for the same information does not create a newly-discovered fact. *Commonwealth v. Lambert*, 57 A.3d 645, 648-49 (Pa. Super. 2012). Facts raised and ruled upon in a prior PCRA petition cannot have been unknown to Appellant, thus precluding him from establishing the newly-discovered fact exception. Therefore, we agree with the PCRA court

that Appellant failed to establish that the fact upon which the claim is predicated is unknown to him.

Our review of the record further indicates that Appellant offered no explanation as to why Frazier's testimony could not have been ascertained with reasonable diligence prior to April 10, 2019. In 2015, Woods and Garmon provided Appellant with affidavits in which both stated that they were present during the shooting and saw Ward shoot the decedent. Amended PCRA Petition, 8/14/2017, at 5, Exh. A, B. Appellant and Garmon were from the same neighborhood and sold drugs with others in the neighborhood, including Ward. *See* PCRA Court Opinion, 8/2/2018, at 7; *see also*, *Ford*, 221 A.3d 1296 at 4-5. Frazier grew up in the same neighborhood with Appellant and sold drugs with Ward. PCRA Petition, 12/27/2019, Exh. A at 5. Singletary, who provided the information from Frazier to Appellant, grew up in the same neighborhood and knew Appellant as well. Exh. A at 2-3.

There is no evidence of record that upon learning Ward was the shooter, Appellant undertook an investigation of others he knew from the neighborhood who may have been in the vicinity on the date in question. As the PCRA court stated, "had [A]ppellant conducted even a cursory investigation of Ward, Ward's associates and acquaintances, and his own friends and associates, upon learning that Ward was the shooter, he would have discovered Frazier sooner than he did especially because he knew

Frazier and Frazier's associates." PCRA Court Opinion, 4/6/2021, at 11. Because Appellant knew in 2015 that there were individuals in the neighborhood who saw Ward shoot the victim, we conclude that with due diligence, Appellant could have discovered Frazier's testimony prior to March of 2019.

With regard to the newly-discovered evidence claim based upon the misconduct of Detective Rodden, the PCRA court concluded that Appellant failed to exercise due diligence in uncovering this fact. As the PCRA court competently opined:

> With regard to the newly discovered evidence claim involving the information concerning Detective Rodden, appellant failed to exercise due diligence because, as appellant's claim establishes, the information could have been discovered through the exercise of reasonable diligence in the over decade and one-half since the appellant was charged and convicted. Mr. Mosser states in his amended petition he filed for appellant that appellant found the information about Detective Rodden on or about February 24, 2019, after expending "exhaustive research", Amended Petition, ¶¶ 37, 38. The petition did not explain what the "exhaustive research" consisted of or why the information about the detective, which was clearly discoverable, because appellant found it, could not have been discovered sooner.

PCRA Opinion, 4/6/2021, at 11-12. We agree with the PCRA court's analysis. Mere allegations that Appellant did not learn about Detective Rodden's conduct until 13 years after he was convicted, without any allegations showing timely efforts or the inability to discover the information earlier, is insufficient to satisfy the exception for newly discovered facts. *Commonwealth v. Cox*, 204 A.3d 371, 392 (Pa. 2019) (Petitioner failed to

satisfy the newly-discovered fact timeliness exception where he did not explain how he was prevented from discovering the alleged fact earlier with due diligence.); *see also Commonwealth v. Sanchez*, 204 A.3d 524, 527 (Pa. Super. 2019) (same). Because Appellant knew, or could have discovered this evidence with reasonable diligence, his *Brady* claim is also without merit. *See Commonwealth v. Bomar*, 104 A.3d 1179, 1190 (Pa. 2014) (citation omitted) (stating, "[t]here is no *Brady* violation when the appellant knew, or with reasonable diligence, could have uncovered the evidence in question").

In any event, even if Appellant had successfully satisfied the timeliness exception, he would not have been entitled to any relief. Once jurisdiction is established, a substantive claim alleging after-discovered evidence pursuant to 42 Pa.C.S. § 9543(a)(2)(vi) may be presented. *Brown*, 111 A.3d at 176. To prevail on a PCRA claim based on after-discovered evidence, the petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi).

> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different

verdict if a new trial were granted. ***Commonwealth v. Pagan***, 597 Pa. 106, 950 A.2d 270, 292 (2008) (citations omitted). "The test is conjunctive; the [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa.Super. 2010) (citation omitted). Further, when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case. ***Commonwealth v Reese***, 444 Pa.Super. 38, 663 A.2d 206 (1995).

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012). In determining whether the after-discovered evidence would likely compel a different verdict if a new trial were granted, "a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." ***Padillas***, 997 A.2d at 365 (citations omitted).

The PCRA court held that the information that Frazier would provide would not result in a different verdict. PCRA Court Opinion, 4/6/2021, at 13. We agree with the PCRA court's analysis.

> With regard to the information provided by Frazier, it cannot form the basis of a successful new evidence claim because it would not result in a different verdict. The evidence identifying appellant as the person who shot the victim, namely the information contained in Clay's and Young's statements to police was consistent and reliable because what both men told police matched not only what they both told police but also the physical evidence collected by police, facts which the Superior Court noted in its 2007 memorandum. ***See Commonwealth v. Ford***, 927 A.2d 651, 1586 EDA 2006 at 6 (Pa. Super. 2007) (Table).
>     In addition, Clay voluntarily brought up the victim's murder with Detective Rodden, who was not privy to the information connected to the instant matter. Clay also positively

-16-

identified appellant while examining thirty-four photographs gathered based on Clay's description of the person he saw shoot the victim. Regarding Young, although Young recanted what was in his statement while testifying at appellant's trial, the record shows that he apologized to appellant and conceded that he had known appellant for a long time. *Commonwealth v. Ford*, 927 A.2d 651, 1586 EDA 2006 at 6 (Pa. Super. 2007) (Table). This fact undermined the sincerity of his trial recantation. Thus, Frazier's testimony would not have changed the verdict given the foregoing.

PCRA Court Opinion, 4/6/2021, at 13-14.

Frazier did not state that he saw Woo shoot the decedent and did not state that Woo was dead. Frazier knew Appellant at the time of the shooting; however, he waited 15 years after the shooting occurred to provide a statement. Frazier was incarcerated when he gave this statement, casting suspicion upon the integrity and the motive for offering the statement. *See Padillas*, 997 A.2d at 365. Finally, the evidence presented at trial was sufficient to support the verdict as determined by this Court.

Here, the jury heard evidence regarding the circumstances under which Clay and Young had given their respective written statements, which evidence included testimony by police witnesses that the police had not spoken to Clay or Young about what was known or suspected of the shooting prior to their giving the statements. The jury also heard evidence that Clay was visibly shaken after having been confronted by three individuals subsequent to Clay's having spoken to the police and having identified Appellant as the murderer. The jury also heard the detailed and consistent written statements of Clay and of Young, which substantially corroborated not only each other's accounts of the incident but also the physical evidence at the scene. The jury had the opportunity to contrast these statements with the in-court recantation by their authors, and its fact-finding capacity to accept one version of events over the other.

*Commonwealth v. Ford*, 927 A.2d 651 (Pa. Super. 2007) (unpublished memorandum at 6-7). Therefore, because Appellant failed to establish that Frazier's proffered testimony would lead to a different verdict, Appellant is not entitled to relief based upon after-discovered evidence.

The PCRA court further concluded that Appellant was not entitled to relief on his *Brady* claim. Specifically, the PCRA court found that Appellant failed to establish that the outcome of the trial would have been different if the jury had been aware of the *Sellers* matter. PCRA Opinion, 4/6/2021, at 16-18. The PCRA court determined that the other matters cited by Appellant were not relevant as they occurred well after Appellant was convicted and had no relation to Appellant's case. *Id.* at 17, n.5.

To establish a *Brady* violation, the defendant must prove all of the following three elements: "(1) the prosecution concealed evidence; (2) the evidence was exculpatory or impeachment evidence favorable to him; and (3) he was prejudiced." *Commonwealth v. Treiber*, 121 A.3d 435, 460-61 (Pa. 2015). "To establish prejudice, appellant must demonstrate a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 461 (citation and internal quotation mark omitted).

Appellant maintains that he established a *Brady* violation because the "proffered evidence of Detective Rodden's history of a pattern of securing false witness statements could be favorable to Appellant. This is especially

true here where Clay already testified at trial that his statement was falsified. The proffered evidence would be admissible as both habit evidence and impeachment evidence." Appellant's Brief at 18. Appellant concludes that he was prejudiced by the Commonwealth's failure to disclose this evidence and if the proffered evidence was introduced at trial, "it would have substantiated Clay's testimony that he identified someone else in the line-up and discredited Detective Rodden's testimony to the contrary." *Id.* at 19.

Initially we note that Appellant offered no evidence, and the record contains no evidence that Detective Rodden was found guilty of any misconduct. *Sellers* was voluntarily dismissed on April 9, 2003, three years prior to Appellant's trial and conviction. Commonwealth's Brief at 21-22. *Cook* was settled without any admission of liability on the part of any defendants and *Brown* did not allege any misconduct on the part of Detective Rodden in taking a witness's statement. Commonwealth Brief at 22. Moreover, the conduct alleged in *Cook* and *Brown* occurred years after Appellant was tried and convicted. *Id.* at 21-22. Therefore, Appellant has failed to establish that the Commonwealth concealed this evidence and that it constitutes exculpatory or impeachment evidence that would be favorable to him.

Finally, as explained *supra*., this Court previously concluded that the evidence presented at trial was sufficient to sustain the verdict against Appellant. *See Commonwealth v. Ford*, 927 A.2d 651 (Pa. Super.2007)

(unpublished memorandum at 6-7). Appellant has failed to demonstrate a reasonable probability that had Detective Rodden's alleged misconduct been discovered, the outcome of the trial would have been different; consequently, Appellant cannot establish prejudice and for that reason, cannot prove a **Brady** violation. **Treiber**, 121 A.3d at 461. Therefore, we discern no abuse of discretion in the PCRA court's decision to dismiss Appellant's fourth PCRA petition without a hearing.

Based on the forgoing reasons, we affirm the PCRA court's dismissal of Appellant's fourth PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2022